UNITED STATES DISTRICT COURT for the
EASTERN DISTRICT OF WISCONSIN

---

YOLANDA EASON,

    Complainant.

v.

                                        CIVIL ADA Law Suit from
                                        ERD. Case No. CR202102258
                                        EEOC Case No. 26G202200056C

CITY OF MILWAUKEE –
DEPT. OF NEIGHBORHOOD SERVICES,

    Respondent.

---

**IN VIOLATION OF THE ADA, RESPONDENT CITY OF MILWAUKEE REMOVED COMPLAINANT YOLANDA EASON FROM HER TEN YEARS JOB DUE TO HER DISABILITY, THEN FAILED AND REFUSED TO ACCOMMODATE HER DISABILTY BY TERMINATING HER**

---

                                                                             Rocky L. Coe, Esq.
                                                                             WI Bar No: 1016642
                                                                             Attorney for Complainant
                                                                             Yolanda Eason

**Address**
COE LAW OFFICES
3873 N. Sherman Blvd.
Milwaukee, Wisconsin 53216
414-442-1755
rocky.coe@att.net

TABLE OF CONTENTS                                               Page

1. Civil Cover Sheet
2. Civil L. R. 7.1 Disclosure Statement
3. Right to Sue Letter
4. Table of Authorities
5. Introductory Statement                                          1
6. Statement of Jurisdiction                                       2
7. Statement of the Issues                                         3
8. Statement of the Facts                                          3
    A. Actual job Duties of Parking Enforcement Officer            3
    B. The discriminatory removal of Ms. Eason from her job        5
    C. No benefit given for ten years of Seniority and Loyalty in DPW   7
    D. Damage suffered by Ms. Eason due to Respondent's Treatment
       to her Disability                                           8
    E. The Federal and Wisconsin laws that Respondent
       egregiously and flagrantly violated                         8
    F. Request for Maximum Punitive Damages                        9
    G. Request for a jury trial                                    10
    H. Certificate of Service                                      11



U.S. Department of Justice

Civil Rights Division

Disability Rights Section – 4 Con
950 Pennsylvania Ave, NW
Washington, DC 20530

September 19, 2024

VIA EMAIL:Rocky.Coe@att.net

Yolanda Eason c/o
Rocky L. Coe, Esq.
3873 N. Sherman Blvd
Milwaukee, WI 53216

Re: EEOC Charge Against: City of Milwaukee
EEOC No.: 26G-2022-00056

Dear Ms. Eason:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge, and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you or your attorney has specifically requested this Notice, <u>you are hereby notified that you have the right to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u> This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

If you or your attorney has any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to: Milwaukee Area Office, U.S. Equal Employment Opportunity Commission.

Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA). We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,
Kristen Clarke
Assistant Attorney General
Civil Rights Division

BY:_____
Celeste A. Adams-Simmons
Senior Investigator
Disability Rights Section

Enclosures:
    Notice of Rights under the ADAAA

cc:    City of Milwaukee
        EEOC- Milwaukee Area Office

# TABLE OF AUTHORITIES

## Cases
| | Page |
|---|---|
| *EEOC v. Wal-Mart Stores East, L. P.* U.S. Eastern District of Wisconsin (Case No. 17-cv-70, July 15, 2021) confirmed on appeal in *EEOC v. Wal-Mart Stores* Nos 22-3202 & 23-1021 (7th Cir. August 27, 2024) | 9 |
| *Hamilton v. Ortho Clinical Diagnostics*, 30 Case ADBANAO (E.D. Ark., July 26, 2014) | 10 |
| *Summers v. Altarum Inst., Corp.* 740 F.3d 325 & 333 (4th Cir. 2014) | 10 |

## Statutes

| | |
|---|---|
| 28 U.S.C. §1331 | |
| Americans with Disabilities Act of 1990 42 U.S.C. §§ 1201 et seq. | 1, 2 |
|     § 12111(2) | 9 |
|     § 12112 | 9 |
|     §12117(a) | 2 |
| 42 U.S.C. § 2000e-5(f)(1), (3) (referring to Civil Rights Act of 1964) | 2 |
| Wis. Stat. § 111.321 | 9 |

## Administrative Rules

| | |
|---|---|
| Civil Cover sheet (see **TABLE OF CONTENTS**) | |
| Civil L. R. 7.1 Disclosure Statement (see **TABLE OF CONTENTS**) | |
| Right to Sue Letter (see **TABLE OF CONTENTS**) | |
| Wisconsin Department of Workforce Development | 9 |

UNITED STATES DISTRICT COURT for the
EASTERN DISTRICT OF WISCONSIN

YOLANDA EASON,

       Complainant.

v.

                                        CIVIL ADA Law Suit from
                                        ERD. Case No. CR202102258
                                        EEOC Case No. 26G202200056C

CITY OF MILWAUKEE –
DEPT. OF NEIGHBORHOOD SERVICES,

       Respondent.

---

**IN VIOLATION OF THE ADA, RESPONDENT CITY OF MILWAUKEE REMOVED COMPLAINANT YOLANDA EASON FROM HER TEN YEARS JOB DUE TO HER DISABILITY, THEN FAILED AND REFUSED TO ACCOMMODATE HER DISABILTY BY TERMINATING HER**

---

**I.    INTRODUCTORY STATEMENT**

1) COMES NOW Complainant Yolanda Eason ("Ms. Eason") by her Attorney Rocky L. Coe to file and plead this Complaint in this civil suit before this Honorable Court, to start discovery and briefing procedures alleging that in direct contravention of the American Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 1201 *et seq*. which has a goal to eliminate discrimination against employees with disabilities, Respondent City of Milwaukee, WI ("Respondent") even though she could still do her job driving around writing tickets as a Parking Enforcement Officer, abruptly and permanently removed the 52 years old Ms. Eason from her job all because after ten years Respondent superficially required her, *inter alia*, to lift a non-

essential 50 pounds, and Respondent declared her disabled when her doctor medically limited her to lifting the actual "no more than the 10 pounds that she only had to lift in her ten years on the job", then failed and refused to accommodate her disability by treating her as a new employee on probation in a different job she could not adapt to and then terminated her.

2) Significantly, at the time Ms. Eason was fully terminated from Respondent's employment, her former job of Parking Enforcement Officer, still existed, but she was not accommodated by being returned to that job she had successfully performed for ten years.

## II. STATEMENT OF JURISDICTION

3) a) This case arises pursuant to the Americans with Disabilities Act of 1990 ("ADA") to eliminate discrimination against employees due to a disability and facts alleged by Complainant Yolanda Eason in her civil action that she was arbitrarily and abruptly removed from her job of ten years around late August 2020 (hired on January 10, 2010) due to a late 2018 established non-essential qualification of not being able to lift at least 50 pounds as a Parking Enforcement Officer where in ten years she never had to lift more than 10 pounds in driving around and getting out of her City sponsored vehicle to write parking tickets and report cars that needed to be towed.

3. b) And, pursuant to 42 U.S.C. §§ 12101 *et. seq.* a clear and comprehensive national mandate has been provided for the elimination of discrimination against individuals with disabilities.

3. c) Thus, this District Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e- 5(f)(1), (3) referring to the Civil Rights Act of 1964), has original jurisdiction of all civil actions arising under the Constitution and laws of the United

States, once a Right to Sue Letter has been appropriately issued, which letter is attached herein as Exhibit 1.

### III. STATEMENT OF THE ISSUES

4) Was the ability to lift a minimum of 50 pounds an essential function of the Parking Enforcement Officer job that Ms. Eason had done for over 10 years?

5) Did Respondent at any time interact with Ms. Eason in good faith regarding her disability and actual long-term job duties to accommodate employee Ms. Eason so that she could keep her Parking Enforcement officer job of ten years?

6) Did Respondent exhibit reckless disregard for Ms. Eason's disability?

7) Did Respondent after declaring Ms. Eason disabled have an obligation to reasonably accommodate her by allowing her to continue doing her job as she had done for over ten years and if she had to lift something over 10 pounds she could call for assistance?

8) Did Respondent identify anything to Ms. Eason that her disability would cause harm to Respondent or obstruct business to it?

### IV. STATEMENT OF FACTS

A. <u>Actual Job Duties of Parking Enforcement Officer</u>

9) As noted above, on January 10, 2010 Respondent hired Ms. Eason as a Parking Enforcement Officer, which duties were to sit in and drive around in a City sponsored motorized vehicle in an assigned City area and view from the vehicle whether people had payed appropriate parking fees in parking meters for the time they were parked at the metered location. If the meter indicated that insufficient funds had been submitted, she would stop her vehicle beside the parked vehicle, write a citation for the improperly parked vehicle, get out of

the automobile she was driving and place the ticket on the vehicle, usually under the front windshield wiper of the improperly parked vehicle. Then, Ms. Eason would continue to drive around, surveilling her assigned area for other improperly parked vehicles, including reporting vehicles that needed to be towed. Ms. Eason never assisted in preparing or lifting towed cars.

10) Significantly, Ms. Eason had worked for over ten (10) years as a Parking Officer writing citations to enforce parking regulations, and *never* in those ten years did the job require her to lift or did she in fact have to lift any weight approaching ten (10) pounds to write a citation/ticket, in that her ink pens and ticket book weighed only a few ounces. Further, common sense mandates it took little force to open her car door and lesser force to lift a windshield wiper up from a windshield enough to slide a ticket under the windshield wiper. Nor did she have to reach or walk a long distance to put a ticket on a vehicle she had parked beside. And, Ms. Eason did not have to climb or stoop down to write or place a ticket on a vehicle.

11) Moreover, even the light weight computer that she used to ensure accuracy in writing tickets was in the vehicle and thus no lifting was ever required. And, preparing daily reports required no lifting except the almost non-existent weight of an ink pen or limited typing on a computer. Finally, Ms. Eason when she needed assistance, for instance in reporting and processing of vehicles that had to be towed, she used a two-way radio, weighing less than a half pound to communicate.

12) In Ms. Eason's ten years as Parking Enforcement Official, her reviews were always positive, with nothing said about weight lifting more than ten pounds or that it was a negative that she could not lift at least 50 pounds.

4

13) Significantly, it was not until sometime in 2018 that Ms. Eason heard that Respondent since that time required that in order to be hired for the Parking Enforcement Officer job, a person must be able to lift a minimum of 50 pounds. It did not concern her in that a weight lifting requirement was never brought to her attention when she was first hired and in 2018, no one in management brought it to her attention as a concern.

14) In fact, the non-essential weight lifting requirement of at least 50 pounds was not brought to her attention until 2020 after she became ill and absent from the job for about six months and her Doctor Geoffrey Scott specifically made her 10 years standard of lifting no more than 10 pounds a condition of her returning to her job.

B. The Discriminatory Removal of Ms. Eason from Her Job

15) Indeed, due to a long-term illness beginning in March 2020 she was absent from work and in August 20, 2020 before returning to work, her paperwork listing her work limitations by her Dr. Scott, were given to Respondent's Department of Public Works administrator -Shannon Goodwin with medical limitations among which, to continue not lifting more than 10 pounds.

16) There is absolutely no evidence that Goodwin or any other manager before talking to Ms. Eason's supervisor Adam Lopez, discussed and interacted with Ms. Eason as to what her actual job essential functions entailed or what if any accommodation she needed.

17) However, after having a successful return to her job during the week of August 20, 2020 and working a full 100% normal week, with no difference or problems than she had worked the past ten years as a Parking Officer, the higher superior Goodwin after reading the paper restrictions on Ms. Eason, was of the opinion that the restrictions of limited standing and

5

walking and lifting no more than 10 pounds were too severe and without consulting Ms. Eason, instructed her subordinate supervisor Lopez to immediately "pull" Ms. Eason from her job for her safety.

*18) Significantly, at no time since Ms. Eason was abruptly removed from her ten years job, has Respondent asserted what specifically made the restrictions an undue burden, hardship to Respondent, harmful or dangerous to the essential functions of the job.*

19) But, remarkably, after Ms. Eason had returned to work and continued to *normally* work her ten (10) years job during a week with no problem in performing all essential functions, Mr. Lopez dutifully obeyed Goodwin's instructions to immediately "pull" Ms. Eason from her job "without listing any usual job function she could not do or had not done".

20) But, when Lopez mentioned the 50 pounds qualification, Ms. Eason reminded him in ten years on the job she never had to lift more than ten pounds. Lopez replied to her restrictions, "*You are now considered disabled* and cannot lift at least 50 pounds and it had been that way since around 2018, but you must have been "grandfathered in".

21) So, at the end of her successful return to work for a full week, she subsequently was suddenly, arbitrarily and permanently removed from her job, because her 10 pounds limitation according to Respondent, declared her disabled according to the 50 pounds paper added requirement that was never an essential function for her in ten years on the job.

22) By letter dated August 26, 2020 to Ms. Eason, Goodwin on behalf of Respondent safety specialist Allyson Weiss, specifically acknowledged the ADA and requested a Disability Accommodation Request from Ms. Eason. By formal written Request dated August 31, 2020,

Ms. Eason listed her limitations and requested appropriate accommodations, which based on the history of her ten years job, no accommodations were actually needed.

23) And, as will be seen throughout the litigation since Ms. Eason first filed this case with the State of Wisconsin Department of Workforce Development on October 20, 2021 in reaction to her termination on October 15, 2021 after ten years of employment with Respondent, Respondent has repeatedly failed to state any essential function or duty that she was requested to do that she did not perform or how any job accommodation to her disability would have posed an undue burden to Respondent.

Respondent's Refusal and Failure to Find a Job in DPW to Accommodate Ms. Eason's Disability

24) From August 26 through early October, 2020 Respondent, ignored that it terminated Ms. Eason from a job that she had no problems doing, but searched its system for a job, but contradictorily and inexplicably could not find a job for Ms. Eason in its DPW that would accommodate her restrictions.

25) Alternatively, to broaden Ms. Eason's opportunity for a job, Respondent referred Ms. Eason to its Disabled Employees' Placement Program (DEPP). Eventually, after completing all requirements for an Office Assistant III position, but requiring a lot of typing that Ms. Eason was not accustomed to, she was hired in Respondent's Department of Neighborhood Services.

C. <u>No Benefit Given for Ten Years of Seniority and Loyalty in DPW</u>.

26) Notably, with no consideration for her being beyond a passed probationary period with a dedicated 10 years of seniority and loyalty at Respondent, the 52 years old Ms. Eason was reemployed as a new employee with the obvious unfair renewed pressure to prove she belonged pass a probationary period. In fact the new job and its typing exacerbated pain in her

wrist tendons and she had to have surgery to repair the damage. Unfortunately, 52 years old Ms. Eason did not survive in adapting at this late date, and was terminated on October 15, 2021.

D.  Damages Suffered by Ms. Eason due to Respondent's Treatment to Her Disability

27) There is no question that during Ms. Eason's times of reproving herself in a new job by Respondent, Ms. Eason was traumatized, mentally distressed and suffering from both trying to survive, increased pain in her wrist tendons from trying to type and then lack of pay and employment benefits that she had been accruing.

28) This suffering during her disability treatment by Respondent, could not possibly have helped her illness that Doctor Scott diagnosed her to be medically emotionally depressed, and disabled with "intercostal neuralgia" (nerve pain between her muscles). Ostensibly, it is safe to say that Respondent's whimsical unemployment treatment, did not help her pains, but exacerbated them and her depression and anxiety for which she was taking medicine.

E.  The Federal and Wisconsin Laws that Respondent Egregiously and Flagrantly Violated

29) The Respondent's conduct to Ms. Eason in the above paragraphs discriminatorily violated her Federal right to her job because notwithstanding she was disabled and considered disabled by Respondent and was a "qualified individual" who could perform the essential functions of driving around writing parking tickets as she had done for ten years, and still performed when she returned to work on or about the week of August 20, 2020, and she caused no undue hardship to Respondent; and, although Respondent could not and failed to cite any essential job function Ms. Eason had to perform in ten years that she could not do or that actually required her to lift at least 50 pounds in performing a job, she still was

permanently removed from her job and discriminatorily fired because of her disability status.

Since the Respondent is an employer under ADA, 42 U.S.C. § 12111(2), Respondent's conduct violates ADA 42 U.S.C. §§ 12112 Discrimination:

> (a) General Rule
> No covered entity shall discriminate against a qualified individual on the basis of disability regarding…discharge…and other terms and conditions and privileges of employment.
> (b) Construction (all of section (b) but specifically -
> As used in subsection (a), the term "discrimination against a qualified individual on the basis of disability" includes –
> (5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity;

30) And, regarding the State of Wisconsin, its "Wisconsin Department of Workforce Development" in its administrative materials defines disability:

> …a person who has a physical or mental impairment that makes achievement unusual difficult or limits the capacity to work, has a record of such an impairment, ***or is perceived as having such an impairment. (emphasis added);***
> As applicable here, Wis. Stat. §111.321 prohibits an employer from engaging in employment discrimination on the basis of a "disability".
> An employer is required to grant a reasonable accommodation unless the accommodation would result in a hardship to the business.

F. <u>Request for Maximum Punitive Damages</u>

31. Thus, under Federal and State law, Respondent knew of its reckless disregard for reasonably accommodating Ms. Eason's disability and its discriminatory conduct and that it was acting with reckless disregard of the trauma it was causing Ms. Eason as cited and expressed to it in remarkably identical facts and instructive cases such as:

> *EEOC v. Wal-Mart Stores East, L.P. U.S. Eastern District Court of Wisconsin, (Case No.17.cv-70, July 15 2021) confirmed on appeal in EEOC v. Wal-Mart Stores Nos. 22-3202 & 23-1021 (7th Cir. August 27, 2024);*

9

*Hamilton v. Ortho Clinical Diagnostics*, 30 Case ADBANAO, ¶¶ 4&9 (E.D. Ark., July 26, 2014); and

*Summers v. Altarum Inst., Corp.* 740 F.3d 325 & 333 (4th Cir. 2014)

32. And, as seen above, this knowledge made it a deeply depressing sufferance for the disabled and terminated longtime employee Complainant Yolanda Eason to pursue her case without income or fringe benefits. Therefore, besides a make whole remedy of reinstatement, backpay with interest, including any raises given in her absence, update of any fringe benefits such as pensions, medical bills, etc. seniority, costs, attorney fees, tax consequences and any other expenses – Ms. Eason contends she should be entitled to and awarded the full amount of compensatory damages.

G. Request for a Jury Trial

33) Complaint Ms. Eason respectfully requests a jury trial so that the fair citizens of Wisconsin will know of the financial, physical and traumatic emotional depression the City of Milwaukee unduly imposed on a longtime and loyal employee whose disability it failed and refused to accommodate and who notwithstanding she could still do her job, it terminated a citizen because she was disabled.

Respectfully submitted this 20th day of December 2024 by: _/s/ Rocky L. Coe_

Rocky L. Coe
Attorney for Complainant
Yolanda Eason

**Address**
COE LAW OFFICES
3873 N. Sherman Blvd.
Milwaukee, Wisconsin 53216
414-442-1755
rocky.coe@att.net

**Certification of Service**

This is to certify that Respondent by its Attorney Katherine Headley has been served a copy of this Complaint by portal and email.