UNITED STATES DISTRICT COURT for the
EASTERN DISTRICT OF WISCONSIN

YOLANDA EASON,

      Complainant.

v.

                                                 Civil ADA Case No. 24-cv-1658
                                                 ERD. Case No. CR202102258
                                                 EEOC Case No. 26G202200056C

CITY OF MILWAUKEE –
DEPT. OF NEIGHBORHOOD SERVICES,

      Respondent.

**COMPLAINANT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT FOR INSUFFICIENT PROCESS, INSUFFICIENT SERVICE OF PROCESS AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IN LIEU OF ANSWER**

**Abbreviations: C= Complainant; R= Respondent**

    **A.**   1. COMES NOW, Complainant Yolanda Eason (Ms. Eason) by Attorney Rocky L. Coe to file her Opposition to Defendant's Motion to Dismiss Amended Complaint for Insufficient Service of Process, Insufficient Service of Process and Failure to State a Claim upon which Relief can be Granted in Lieu of Answer" in that said Motion is a frivolous and perfunctory attempt by Respondent to avoid filing a proper Answer.

    **B.**   2. Notably, because Ms. Eason's Attorney is computer challenged, he did not discover Respondent had filed this Motion until March 1, 2025 and was not able to access the Court portal that weekend for a copy. But, following a request of Respondent, promptly

received a copy by email dated March 3, 2024. Ms. Eason's attorney gives his most sincere apology for this unintentional mishap.

    3. Concerning the contents of the Motion, significantly, according to all cited facts in the Amended Complaint, an Answer would warrant cause for summary judgement or if Respondent continues in such obfuscating conduct to avoid an answer, a Rule 55 default Judgement, granting requested relief can be had, which would include back pay with interest, reinstatement to her job with accommodations if necessary, restoration and make whole for any loss of benefits, costs and attorney fees. Remarkably, Respondent was notified of this relief in the Complaint part of the Summons.

**C.**    **Background**

    4. It is important to note that Respondent attorney Katherine A. Headley, agent of Respondent, is not new to this case, in that she has handled this case from its inception beginning just days after October 20, 2021. Therefore, Respondent makes flagrantly untrue argument when it states that Ms. Eason "fails to state a claim upon which relief can be granted", because it is undeniable that Ms. Eason, who was performing as usual her job of ten years as a parking checker, because of what Respondent considered to be a disability and without any requested accommodation, she was removed from her job in August of 2020, then was placed in another job sometime in 2021 as a new employee on probation, which job she could not do and in fact exacerbated her infirmity, and she was permanently terminated on October 15, 2021, at a time her parking checker job had been open or was still open.

    5. Therefore, assuming *arguendo,* that pursuant to the American Disabilities Act of 1990, 42 U.S.C. §§ 1201 *et seq.*, Ms. Eason proves she was discriminated against, she would be

2

entitled to reinstatement with interest and with accommodations if necessary, backpay with interest, costs, attorney fees, income tax considerations and any other remedy the Court finds appropriate.

**D.** **The Serving of the Summons and Complaint.**

6. In this regard, even though Ms. Eason has in good faith, tried to avoid costs and save time in its email discussions with Respondent attorney (See attached Exhibit 1, beginning Dec. 24, 2024, 3 pages), Respondent by citing Fed. Rule 4(j)(2)(A) failed and refused to voluntarily accept service. However, although Rule (4)(j)(2)(A) gives the local government the right to demand personal service, the tenor of Fed. Rule 4(h) and especially 4(k)(C)(2), immediately following the section on serving local government, talks of favoring filing "waivers of service" to establish jurisdiction.

7. Moreover, in view of this favoritism toward voluntary "waiver of service" Respondent has not cited one iota of a case for the proposition that it is prohibited from waiving service of the complaint to avoid unnecessary hassles and costs.

8. And, as stated on the last page of the Notice of Service to the Court, although Respondent was notified that given its anti-service conduct, Ms. Eason would hire an appropriate person to serve the complaint on the Respondent according to Fed. Rule 4 (j)(2)(A) by serving its "chief executive officer" which would be the Mayor (C. Ex.2), Respondent took no effort to inform Ms. Eason that there would be a frustrating maze of confusion in trying to serve the Complaint because the Mayor would improperly refuse legal service by directing the server to the City Attorney, who then as Respondent's legal agent improperly refused service and then directed the server to the City Clerk, who finally accepted service.

9. So, what Respondent considered to be a "wildly" conducted episode, was really caused by Respondent's failure to cooperate, by putting Ms. Eason on notice as to who would refuse proper service and who would accept proper service. (R. Brief p. 4, second full paragraph).

10. Ms. Eason concedes that in the summons, she did not state a time frame of about 21 days for Respondent to Answer. However, if incorrect, this was a good faith error in that when the summons was submitted to the Court portal it automatically stated a due date for an Answer. Therefore, Ms. Eason had the belief that Respondent was also notified.

11. And it was improbable to get a stamped summons from the Clerk via the Court portal.

12. Yet, according to Fed. Rule 4(G)(2), if necessary Ms. Eason pleads for the Court to permit any necessary Amendment to the Summons.

13. So, as stated, Respondent makes the noted frivolous arguments to avoid having to file an Answer.

**E.** **Respondent improperly cites Fed. Rule 12(b)(4) and (5) for its insufficiency proposition.**

14. In this regard the above not only belies and defeats the insufficiency argument of Respondent, the case cited by Respondent, *O'Brien v. O'Brien & Assoc., Inc.*, 998 F.2d 1394, (7th Cir. 1993) supports the sufficiency of Ms. Eason's Summons in at page 1398 of the case it states:

> "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." citing *Hicklin v. Edwards* 226 F2d 410, 414 (8th Cir. 1955, *Taft v. Donellan Jerome*, Inc. 407 F2d 807, 808-09 (7th Cir1969)

15. It is fact that Ms. Eason submitted a signed return of summons service to the Court via portal which contained a thorough Complaint pleading of the facts, requested relief and attorney information, she believed the portal automatically gave notification of a due date for an Answer and no date for appearances or briefs had yet to be set.

16. And there is absolutely no evidence that Ms. Eason's unintentional remiss to state that Respondent's failure to respond by a date certain could result in a default judgement has prejudiced Respondent in any way.

17. Thus, the summons is valid, made complete by this Opposition and subject to Amendment if necessary. Respondent should Answer within at least 20 days to avoid a default judgement or as other-wise required by the Court.

**F.    Compliance with the 90-day Filing Deadline**

18. According to Right to Sue letter from the EEOC, Ms. Eason, following receipt of her letter or her attorney's receipt of the letter had 90 days from said receipt to file a Complaint in the Court. The letter was sent September 19, 2024. The attorney acknowledged by email, receiving the letter on September 24 by his email. Attorney Coe began trying to file a Complaint on behalf of Ms. Eason, beginning December 16, 2024 using Yahoo engine which worked for the Fed. Circuit Appeals Court in DC, but the Court portal for the Eastern District would not accommodate the filing. Upon talking to the Clerk's office, Attorney Coe followed their directions and it still did not work until the Clerk asked what engine was he using and he said Yahoo and was informed that the Court had success using "Fire Fox" and suggested he try it; which he did not have and since he is computer challenged, he had to find someone to install it. For instance, once he gained access to the Court portal via Fire Fox, in trying to file this one

case, he errantly started several cases, which he respectfully was notified had to be consolidated into one, which case number he was given; and he paid the filing fee twice and one was refunded.

19. Thus, the Complaint was timely filed.

20. Respondent was informed of the filing problems and to give it a head start, was emailed a copy of the Complaint that Ms. Eason had been trying to file (C. Ex.3)

21. Respectfully this short Opposition with only three cited cases, three exhibits and six pages, hopefully does not require a Table of Contents, etc.

Respectfully submitted this 10th day of March 2025 by:

s/Rocky L. Coe

Rocky L. Coe
Wi Bar. No. 1016642
Attorney for Plaintiff
Yolanda Eason

**Address**
COE LAW OFFICES
3873 N. Sherman Blvd.
Milwaukee, WI 53216
414-442-1755
(c) 414-699-1457
rocky.coe@attt.net

### Certificate of Service

The above captioned Opposition, with three documents and six pages has been served on Respondent by its Attorney Katherine Headley, by Court portal and email.

# RE: Eason v. City of Milwaukee Case No.-24-cv-1660

From:   Headley, Katherine (khead@milwaukee.gov)

To:       rocky.coe@att.net

Date:   Friday, January 10, 2025 at 11:59 AM CST

Good morning, Atty. Coe—

I am unfamiliar with any federal or state rule that would allow me to acknowledge service on the named defendant's behalf. I am similarly unfamiliar with any rule that would require the named defendant to waive service. If you can identify the rule(s) that would allow such actions, I would be happy to review same.

Moreover, if you review the email that begins this chain, I'm sure you will agree with me that you did not request that named defendant waive service. Rather, you emailed me—without context—a purported filing to "make sure [I] got [my] copy" in contradiction to the Federal Rules of Civil Procedure.

Again, to be clear, if you can provide me with some authority to indicate that waiver is appropriate for the named defendant, I will consider it, and respond accordingly. However, until then, I maintain my contention that plaintiff has not effectuated service of any kind on the named defendant, as required by the Federal Rules of Civil Procedure.

Thank you,

**Katherine Headley** | Assistant City Attorney | Milwaukee City Attorney's Office
Zeidler Municipal Building | 841 North Broadway, Room 716 | Milwaukee, WI 53202
Direct: 414.286.6193 | Main: 414.286.2601 | Fax: 414.286.3967 |
Email: khead@milwaukee.gov

(C Ex. 1, 3 pages)

Case 2:24-cv-01658-LA     Filed 03/10/25     Page 7 of 11     Document 12

**From:** Rocky Coe <rocky.coe@att.net>
**Sent:** Thursday, January 9, 2025 7:32 PM
**To:** Headley, Katherine <khead@milwaukee.gov>
**Subject:** Re: Eason v. City of Milwaukee Case No.-24-cv-1660

Thank you very much for the courtesy update. However I thought at this level the City would, as the US Marshall retold me, they will first ask if the City will voluntarily acknowledge service.

During all my Federal days parties at this level, to save time and money for everyone, has routinely accepted service. I am very surprised the City has not accepted service.

Please let me know if the City is refusing voluntary "courtesy" service.

Hope your holidays were joyous and that 2025 is even better.

Attorney Rocky L. Coe

for Plaintiff

Yolanda Eason

On Thursday, January 2, 2025 at 02:27:37 PM CST, Headley, Katherine <khead@milwaukee.gov> wrote:

Good afternoon, Attorney Coe—

While I appreciate your professional courtesy in emailing my work email address with a copy of a purported filing in the federal court system, I would be remiss if I did not inform you that said email does not effectuate legal service on the named defendant under either state or federal rules.

Thank you,

**Katherine Headley** | Assistant City Attorney | Milwaukee City Attorney's Office
Zeidler Municipal Building | 841 North Broadway, Room 716 | Milwaukee, WI 53202
Direct: 414.286.6193 | Main: 414.286.2601 | Fax: 414.286.3967 |
Email: khead@milwaukee.gov

---

**From:** Rocky Coe <rocky.coe@att.net>
**Sent:** Tuesday, December 24, 2024 4:08 PM
**To:** Headley, Katherine <khead@milwaukee.gov>
**Subject:** Eason v. City of Milwaukee Case No.-24-cv-1660

I have been trying to file this case since last week. All kinds of complications, for instance case would not go thru my computer until I added Fire Fox.

So to Make sure got your copy, I am sending it to you by personal e-mail.

Hope your holidays are going well.

Attorney Coe


The City of Milwaukee is subject to Wisconsin Statutes related to public records. Unless otherwise exempted from the public records law, senders and receivers of City of Milwaukee e-mail should presume that e-mail is subject to release upon request, and is subject to state records retention requirements.

# Eason v. Milwaukee City : Case No. 2:24-cv-01658-LA

From:    Rocky Coe (rocky.coe@att.net)

To:       khead@milwaukee.gov; yolandaeason47@yahoo.com

Date:    Thursday, January 16, 2025 at 05:08 PM CST

Here are the documents that I had to refile because they were not "individualized".
It is my understanding that the City can waive service. If you do not wish to do so, or believe you cannot do so, just say so and I will get service upon the Mayor who I believe is your CEO.

 20250116150552.pdf
26.7kB

 20250116150604.pdf
18.7kB

 20250116150618.pdf
56.7kB

 20250116150629.pdf
19.3kB

 20250116150640.pdf
62.2kB

 20250116150704.pdf
18.9kB

(c.g.z)

**Katherine Headley** | Assistant City Attorney | Milwaukee City Attorney's Office
Zeidler Municipal Building | 841 North Broadway, Room 716 | Milwaukee, WI 53202
Direct: 414.286.6193 | Main: 414.286.2601 | Fax: 414.286.3967 |
Email: khead@milwaukee.gov

**From:** Rocky Coe <rocky.coe@att.net>
**Sent:** Tuesday, December 24, 2024 4:08 PM
**To:** Headley, Katherine <khead@milwaukee.gov>
**Subject:** Eason v. City of Milwaukee Case No.-24-cv-1660

I have been trying to file this case since last week. All kinds of complications, for instance case would not go thru my computer until I added Fire Fox.

So to Make sure got your copy, I am sending it to you by personal e-mail.

Hope your holidays are going well.

Attorney Coe


The City of Milwaukee is subject to Wisconsin Statutes related to public records. Unless otherwise exempted from the public records law, senders and receivers of City of Milwaukee e-mail should presume that e-mail is subject to release upon request, and is subject to state records retention requirements.



(C. EX. 3)